1

2                  UNITED STATES DISTRICT COURT

3              EASTERN DISTRICT OF WASHINGTON

4    RUTH ELLEN RODGERS,                   No. 12-cv-34-JPH

5                    Plaintiff,             ORDER GRANTING
                                           DEFENDANT'S MOTION  FOR
6    vs.                                    SUMMARY JUDGMENT

7    CAROLYN W. COLVIN, Acting

     Commissioner of Social Security,

8                    Defendant.

9

10         BEFORE THE COURT are cross-motions for summary judgment. ECF

11   Nos. 13 and 15. Plaintiff, Ms. Rodgers, appears pro se. she was represented prior to

     the hearing (Tr. 68, 70). Benjamin Groebner represents the Commissioner

12   (defendant). The parties have consented to proceed before a magistrate judge. ECF

13   No. 6. After reviewing the administrative record and the parties' briefs, the court

14   **grants** defendant's motion for summary judgment, **ECF No. 15**.

                              **JURISDICTION**

15         Rodgers protectively applied for disability insurance benefits on March 9,

16   2007. She alleged onset beginning May 29, 2006 (Tr. 86-88). Benefits were denied

     initially and on reconsideration (Tr. 60-62, 64-65). ALJ Moira Ausems held a

17   hearing on March 26, 2010 (Tr. 26-55) The ALJ issued an unfavorable decision on

18   June 4, 2010 (Tr. 10-19), and on November 22, 2011, the Appeals Council denied

     review (Tr. 1-3). The matter is now before the Court pursuant to 42 U.S.C. §

19   405(g). Plaintiff filed this action for judicial review January 9, 2012. ECF No. 1.

ORDER - 1

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized as necessary to explain the court's decision.

The ALJ found Rodgers worked at substantial gainful activity levels from onset until January 1, 2010 (Tr. 12-13; 89, 101, 104).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has limited the scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is

ORDER - 4

conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one **A**LJ Ausems found Rodgers worked at SGA levels after she applied for benefits, specifically from October 2006 until January 1, 2010. Accordingly, the ALJ found Rodgers not disabled during this period (Tr. 12-13). This was correct. See 20 C.F.R. § 404.1520(b); *Lewis v. Apfel*, 236 F.3d 503, 515-16 (9th Cir. 2001). However, because Rodgers' earnings for the first three months of 2010 were less than SGA levels, the ALJ considered whether Rodgers was disabled after onset "in order to view the evidence in the light most favorable to the claimant." The ALJ's decision was entered June 4, 2010.

The ALJ was not required to continue the analysis. The record shows Rodgers had no continuous 12-month period of time without substantial gainful activity, which generally means the claimant is automatically considered not disabled. 20 C.F.R. 404.1505; Tr. 13.

Giving Rodgers the benefit of the doubt, the ALJ continued the sequential evaluation process. At steps two and three, she found Rodgers suffers from fibromyalgia, generalized anxiety disorder, major depressive disorder and somatoform disorder, impairments that are severe but do not meet or medically equal a listed impairment (Tr. 13). The ALJ found Rodgers can perform a range of light work (Tr. 15). At step four, she found Rodgers can perform her past relevant work as a waitress, bartender or salesperson (Tr. 18). The ALJ concluded Rodgers was not disabled from May 29, 2006 through date of the decision, June 4, 2010 (Tr. 19).

## ISSUES

Rodgers alleges she suffers new disabling conditions. She filed in this court, but not the Appeals Council, medical records beginning December 9, 2010 (six months after the ALJ's decision), through March 2013. ECF No. 13 at pages 5-8,

61 [although the pages of ECF No. 13 are not numbered, the court numbers the pages with "Dispositive Motion" as page 1]. The Commissioner responds that the ALJ should be affirmed at step one and remand is not appropriate because the new evidence is not material. ECF No. 15 at 3, 5-7.

## DISCUSSION

The Court finds no error in the ALJ's step one finding of nondisability until January 1, 2010 (Tr. 12). It is supported by Rodgers' earnings records. The Court also finds no error in the ALJ's overall finding of nondisability from onset May 29, 2006 through the date of the decision (Tr. 19).

As noted, Rodgers has submitted records of treatment that occurred after the Commissioner issued her decision. Rodgers did not submit them to the Appeals Council, and some are dated after the Council denied review. The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or *before* the ALJ's decision. *Brewes v. Commissioner of Social Sec. Admin*., 682 F.3d 1157,  1162 (9th Cir. 2012) (emphasis added). "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." *Id.*, at 1162, citing 20 C.F.R. § 404.970(b).

Here, the evidence clearly does not relate to the period on or before the ALJ's decision. New evidence is considered material if it creates a reasonable possibility of changing the outcome and if it bears directly and substantially on the matter in dispute. *Mayes v. Massanari*, 276 F.3d 453,  462 (2001); *Booz v. Secretary of Health & Human Servs*., 734 F.2d 1378, 1380-81 (1983) .

Rodgers has not shown that the new evidence was material. She now alleges disability due to rheumatoid and osteoarthritis, carpal tunnel syndrome and "DIS

ORDER - 6

NEC in the shoulder region." ECF No. 13 at 1. When Rodgers applied for benefits, she alleged fibromyalgia, Epstein-Barr virus, chronic fatigue, joint pain and headaches (Tr. 122). At step two the ALJ found Rodgers suffers from fibromyalgia and three mental impairments (Tr. 13). Rodgers does not demonstrate the "reasonable possibility" that the conditions diagnosed recently even existed when the ALJ hearing was held in March 2010. *See Mayes*, 276 F.3d at 462; *Booz,* 734 F.2d at 1380-81.

In this situation, Rodgers' remedy is to file a new application for benefits, as the Commissioner correctly observes. ECF No. 15 at 7, citing *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001)(explaining that the claimant is free to file a new application based on newly diagnosed conditions).

The ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 15**, is **granted.**

2. Plaintiff's motion for summary judgment, ECF No. 13, is denied.

The District Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of defendant, and **CLOSE** the file.

DATED this 15th day of August, 2013.

*s/James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER - 7